## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| FISCHER & FRICHTEL CUSTOM HOMES, LLC, ) ) ) Plaintiff, ) ) v. ) ) FISCHER MANAGEMENT, LLC, *et al.*, ) ) Defendants. ) | Case No. 4:21-cv-470-MTS |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Bifurcate and Stay Discovery and Motion for Protective Order, Doc. [61], and Plaintiff's subsequent Motion to Amend the Case Management Order, Doc. [65].

The Court does not find Defendants' Motion persuasive or compelling. At the beginning of this latest dispute, the Court ordered an on-the-record hearing to seek, among other things, clarification from the Defendants on their motions. Doc. [70]. Now, more than a month since Defendants first filed their Motion, they have failed to provide clarification and have now seemingly switched their approach by raising additional issues than they have from the outset. *See* Doc. [74]. Throughout this process, Defendants have vacillated in their positions and even contradicted themselves at times. The Court has no clear understanding as to what Defendants seek—despite two briefings and an oral hearing. Defendants' inability to consistently articulate their reasons for their requested relief is unpersuasive and calls into question the validity of their arguments overall.

The confusing nature of Defendants requests also undercuts their argument that the issues they seek to bifurcate are so different, or, as Defendants would word it: "clearly separable" and

"surgically isolated." Doc. [74] at 2. Rather, the claims brought against Defendants and the relief sought against them involve common issues of fact and law, and the discovery sought by Plaintiff is so intertwined that the proposed bifurcation would involve a duplication of efforts, undue expenditure of time and money, and promote discovery disputes. Remarkably, Defendants argue that bifurcation would actually "economize the Court's time" because it would not have to hear discovery disputes—but the brief history of this case and the ongoing nature of the discovery disputes between the parties makes Defendants' assertions seem fanciful. As an example, it is still not clear to the Court what discovery, if any, Defendants are willing to produce. Thus, the Court anticipates that granting Defendants requests would have required more—not less—Court intervention regarding disputes over whether certain discovery is relevant to liability or to damages.

In conclusion, Defendants have not shown that anything about this case or their circumstance warrants an exception to the general rule of a unitary trial and discovery. This is especially true given the valid protective order in place. *See* Doc. [64].

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Bifurcate and Stay Discovery and Motion for Protective Order, Doc. [61] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's subsequent Motion to Amend the Case Management Order, Doc. [65], is **GRANTED**. The parties shall meet and confer and submit to the Court a Proposed Amended Case Management Order no later than May 27, 2022.

**IT IS FINALLY ORDERED** that Defendants shall respond to all outstanding discovery requests by Plaintiff.

Dated this 4th day of May, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT